UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-108-GFVT

CATHY WADSWORTH                                                                                      PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY, ET AL.                                              DEFENDANTS

  Before the Court for consideration are: (1) the "Show Cause Order" entered on March 22, 2007 [Record No. 22] and (2) the "Response to the Show Cause Order" [Record No. 23] filed by counsel for Cathy Wadsworth, the plaintiff. The plaintiff is confined in the Otter Creek Correctional Center ("OCCC") which is located in Wheelwright, Kentucky

PROCEDURAL HISTORY
1. The Complaint

  On May 30, 2006, the plaintiff filed, by counsel, the instant civil rights action under 42 U.S.C. §1983. Plaintiff named six defendants: (1) the Commonwealth of Kentucky; (2) the Kentucky Department of Corrections ("KDOC"); (3) KDOC Commissioner John D. Rees; (4) the OCCC; (5) OCCC Warden Joyce Arnold; and (6) the Correctional Corporation of America.

  Plaintiff alleged that the named defendants had violated her Fourteenth Amendment right to due process of law by refusing to allow her to be transferred to a halfway house or the Kentucky Correctional Institute for Women ("KCIW"), a facility operated by the KDOC. The plaintiff claimed that the KDOC discriminates against female inmates confined in the

OCCC, and that inmates in the KCIW are more readily placed in community custody facilities than inmates at the OCCC. The plaintiff challenged the KDOC's specific Policy and Procedure governing both state inmate classification matters (KDOC CPP §18.5) and state inmate transfer matters (KDOC CPP §18.7). Finally, the plaintiff alleged that a specific KDOC employee, Tammy Howard, denied her request to be transferred to a more preferable facility for punitive reasons.

The plaintiff sought injunctive relief in the form of an order directing her transfer to a halfway house or to KCIW. She also asked for a declaration that the KDOC's transfer policy (CPP 18.7) is unconstitutional; an injunction ending the KDOC's discriminatory practices; nominal damages, punitive damages, and attorney fees and her court costs.

2. The October 2006 Opinion

On July 15, 2006, Defendants Commonwealth of Kentucky; the KDOC and KDOC Commissioner John D. Rees filed a joint motion for summary judgment, asserting several legal arguments in support of the motion. On October 26, 2006, the Court entered a Memorandum Opinion and Order ("the October 2006 Opinion") and Judgment granting the Motion to Dismiss [Record Nos. 20 and 21].

The Court will not reiterate in detail its findings and conclusions as they are set forth at length in the October 2006 Opinion. Summarized, the Court first determined the plaintiff had failed to demonstrate that the defendants had either discriminated against her or denied her equal protection of the law under the Fourteenth Amendment of the United States Constitution. The Court noted that the plaintiff is not a member of a suspect class [Op. and

Ord., Record No. 20, pp. 9-10]. The Court cited *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) for the proposition that the plaintiff's status as a state inmate did not vest her with membership in a protected class for purposes of an equal protection argument.[1]

Second, citing *Asquith v. Dep't of Corr.*, 186 F.3d 407, 410-11 (3d Cir.1999), *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir.1996), and *Brennan v. Cunningham*, 813 F.2d 1, 5-6 (1st Cir.1987), the Court noted that inmates enjoy no protected liberty interest in being transferred to a halfway house. The Court further noted that prisoners simply have no constitutional right to other programs, such as vocational training or rehabilitative programs, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or prison jobs, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989), and *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995).

### 3. "Show Cause Order" and Plaintiff's "Response"

As no activity had ensued in this case subsequent to the entry of the October 2006 Opinion, the Court entered the "Show Cause Order" on March 22, 2007 [Record No. 22]. In the response, counsel for plaintiff stated that the action against the other three defendants (the OCCC, Warden Joyce Arnold, and CCA) "remains active and has not been dismissed." [Record No. 23, p. 1] Counsel for plaintiff further stated that although he has had only one opportunity to speak with the plaintiff face to face since October, 2006, the plaintiff may

---

[1] The Court cited several other cases holding along the same lines: *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993) (An inmate cannot establish a violation of his equal protection rights simply by showing that other inmates were treated differently); and *Mahoney v. Carter*, 938 S.W.2d 575, 577 (Ky. 1997) (difference in treatment of incarcerated persons does not constitute a denial of equal protection of laws, absent a showing of suspect classification).

have other causes of actions to assert in this Court. Counsel explains that these possible claims relate to disciplinary actions which have been filed against the plaintiff at the OCCC. [*Id.*, pp. 2-3].

## DISCUSSION

The other defendants in this action (the OCCC, Warden Joyce Arnold, and the CCA) have not filed either a motion to dismiss or a motion for summary judgment. The Court is compelled to find, however, that in light of the Court's legal conclusions set forth in the October 2006 Opinion, the plaintiff could simply not prevail against these parties on the merits, even in the absence of either a motion to dismiss or a motion for summary judgment.

Under other the law discussed in the October 2006 Opinion, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); and *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976), it is clear that inmates have no constitutionally protected right in a particular housing assignment, community placement, or security classification. A prisoner's due process rights are not triggered absent a legally cognizable property interest, *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). Here, Plaintiff Wadsworth has no legally protected or recognized entitlement to a transfer to another penal facility more to her choosing.

The fact remains that notwithstanding the failure of the OCCC, the Warden of the OCCC, and CCA to join in the other defendants' motion for summary judgment, dismissal of the claims asserted against these three remaining defendants is warranted. The plaintiff's

4

response advances no argument to the contrary. It could not, because the plaintiff does not assert either a valid equal protection or due process claim under the Fourteenth Amendment for the reasons discussed in the October 2006 Opinion. The plaintiff's claim is also lacking under the Eighth Amendment. *Sandin v. Conner*, 515 U.S. 472 (1995). The KDOC's refusal to transfer the plaintiff does not meet the criteria of an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Asquith*, 186 F.3d at 412 (quoting *Sandin v. Conner*, 515 U.S. at 484).

According to 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if it determines that the action is (I) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *See also* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. §1915A(b)(1). *See also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (a district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief).

The same conclusion which the Court reached in the October 2006 Opinion applies with equal force to the three defendants who did not seek dismissal. The plaintiff has not demonstrated a legitimate claim under either the Eighth or the Fourteenth Amendment regarding her demand to be transferred to another correctional facility.

Fed. R. Civ. P. 12(b) provides for the dismissal of claims and parties for seven listed reasons. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

5

45-46 (1957); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001).

Well-pled allegations must be taken as true and must be construed most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

Based upon the same legal analyses discussed in the October 2006 Opinion, the Court finds that the plaintiff's claims against the remaining three defendants are insufficient to state a claim on which relief can be granted. Applying the legal conclusions reached in the October 2006 Opinion to the remaining three defendants, there is simply no basis of recovery against them under any of the theories espoused by the plaintiff. As the plaintiff fails to state a valid constitutional argument on her claims, she is entitled neither to money damages nor injunctive relief against the remaining defendants. The plaintiff's claims against the OCCC, the Warden of the OCCC, and the CCA, relating to custody classification and transfer issues, will be dismissed with prejudice.

If the plaintiff has new and separate claims relating to disciplinary proceedings within the OCCC, she is free to file a new action in which she can assert such new claims. The plaintiff is advised in advance that she must exhaust all such claims according to the provisions KDOC CPP §15.6.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The plaintiff's claims against the Otter Creek Correctional Center; Joyce Arnold, Warden of the Otter Creek Correctional Center; and the Correctional Corporation of America are **DISMISSED WITH PREJUDICE**.

(2) This action is **DISMISSED WITH PREJUDICE** and Judgment shall be entered contemporaneously with this Order in favor of these defendants.

This the 13th day of April, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge